

**Nick Brown**
# ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000 • Seattle, WA 98104 • 206-464-7744

December 3, 2025

*Sent via ACMS*

Molly C. Dwyer
Clerk of the Court, Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Franciso, CA 94119-3939

RE:     ***State of Washington v. U.S. Department of Education,*** **No. 25-7157**
        **Fed. R. App. P. 28(j) Letter**

Dear Ms. Dwyer:

Plaintiffs-Appellees write to address Defendants-Appellants' argument raised on reply and at oral argument that the FY2025 funds will expire if not obligated by December 31, 2025. *See* Dkt. 43.1 at 8-9.

Courts have "repeatedly reaffirmed the power of the courts to order that funds be held available beyond their statutory lapse date if equity so requires." *Connecticut v. Schweiker*, 684 F.2d 979, 997 (D.C. Cir. 1982) (quotation omitted). Courts can order relief involving appropriated funds "even after the date when the appropriation lapses, so long as the lawsuit was instituted on or before that date." *Shawnee Tribe v. Mnuchin*, 984 F.3d 94, 98 (D.C. Cir. 2021) (quotation omitted). However, *even if* the plaintiff filed suit before the lapse, the court cannot award relief "once the relevant funds have been obligated." *Id*. at 99 (quotation omitted). This Court has likewise endorsed this equitable doctrine. *See Wilson v. Watt*, 703 F.2d 395, 403 (9th Cir. 1983) (citing *Schweiker*, 684 F.2d 979).

The Government Accountability Office too recognizes this equitable judicial power. *See* GAO, *Principles of Federal Appropriations Law*, 5-85 (3d ed. 2004) ("As long as the suit is filed prior to the expiration date, the court acquires the necessary jurisdiction and has the equitable power to 'revive' expired budget authority, even where preservation is first directed at the appellate level."); *see generally id*. at 5-81 to 5-89 (discussing cases).

Moreover, Congress has expressly provided statutory authority to protect funds from a lapse in appropriations when the right to those funds is the subject of a lawsuit. *See* 31 U.S.C. §1502(b);

ATTORNEY GENERAL OF WASHINGTON

Molly C. Dwyer
December 3, 2025
Page 2

*see also Availability of Fiscal Year 1982 Funding for Award of Performance Pay to Members of the Senior Foreign Serv.*, 1983 WL 26317, 62 Comp. Gen. 527, 530 (July 8, 1983).

If the Court denies the stay, Defendants are not harmed because a court can allow Defendants to issue awards from the disputed appropriations after December 31, 2025. But if the Court grants the stay, Plaintiffs will be harmed because Defendants will deplete the appropriations by issuing new awards, and the courts will be unable to grant meaningful relief.

Respectfully submitted,

*/s/ Ellen Range*
ELLEN RANGE, WSBA #51334
Assistant Attorney General
*Counsel for Plaintiffs-Appellees*